| AOC-105     Summons Type: CI | | Case No. 12CI 00737 |
|---|---|---|
| Rev. 11-95 | | |
| Commonwealth of Kentucky<br>Court of Justice | **CIVIL SUMMONS** | Court _____ |
| CR 4.02; CR Official Form 1 | | County  Jefferson |

*JEFFERSON CIRCUIT COURT DIVISION FOUR (4)*

Carol McAllister, Executrix of the Estate of
Jesse L. McAllister, Deceased                                    **PLAINTIFF**

VS.

Hanging Rock, LTC, LLC
d/b/a Essex Nursing and Rehabilitation Center                    **DEFENDANT**

   Serve:   Marian J. Hayden
            210 Washington Street
            Frankfort, Kentucky  40601

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANTS:

   You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with this summons.  Unless a written defense is made by you or by an attorney on your behalf and filed in the clerk's office within 20 days following the day this paper is delivered to you. judgment by default may be taken against you for the relief demanded in the attached complaint.

   The name(s) and address(es) of the party or parties demanding such relief against you or his (their) attorney(s) are shown on the document delivered to you with this summons. _____, DC

Date: FEB 7 - 2012

DAVID L. NICHOLSON
CIRCUIT COURT CLERK

Clerk: _____

By: _____ D.C.

**PROOF OF SERVICE**

This summons was served by delivering a true copy and the complaint (or other initiating document) to:

_____

This _____ day of _____, 20 ___ .

Served By: _____

| | |
|---|---|
| **12CI 00737** | **JEFFERSON CIRCUIT COURT**<br>**DIVISION _____** |
| CAROL McALLISTER,<br>EXECUTRIX OF THE ESTATE OF<br>JESSE L. McALLISTER, DECEASED | JEFFERSON CIRCUIT COURT<br>DIVISION FOUR (4)<br>**PLAINTIFF** |

**COMPLAINT**

**BRITTHAVEN, INC.**                                                    **DEFENDANTS**

    Agent:    Marian J. Hayden
                  210 Washington Street
                  Frankfort, Kentucky 40601

**AND**

**HANGING ROCK, LTC, LLC**
**d/b/a ESSEX NURSING AND**
**REHABILITATION CENTER**

    Agent:    Marian J. Hayden
                  210 Washington Street
                  Frankfort, Kentucky 40601

      Comes the Plaintiff, Carol McAllister, Executrix of the Estate of Jesse L. McAllister, Deceased, by and through counsel, and for her cause of action against the Defendants state as follows:

      1. Carol McAllister is the Executrix of the Estate of Jesse L. McAllister and brings this action on behalf of the Estate. She was duly appointed as Executrix by the Jefferson Probate Court.

      2. Upon information and belief, Jesse L. McAllister was admitted as a resident of Britthaven of South Louisville located at 9600 Lambourne Blvd., Louisville, Kentucky on October 28, 2010. He remained a resident there until December 4, 2010.

      3. The Defendant, Britthaven, Inc. d/b/a Britthaven of South Louisville is a foreign corporation organized under the laws of North Carolina authorized to do business

in the Commonwealth of Kentucky. Upon information and belief, at all times material to this action, Defendant, Britthaven, Inc. owned, operated, managed, controlled, and/or provided services for Britthaven of South Louisville in Louisville, Jefferson County, Kentucky. Upon information and belief, the Defendant Britthaven, Inc. was, at all times material to this action, the "licensee" of the nursing facility. Under the laws and regulations promulgated and enforced by the Cabinet for Health and Family Services, as licensee of the facility, Britthaven, Inc. was legally responsible for that facility and for ensuring compliance with all laws and regulations related to the operation of the facility. The causes of action made the basis of this suit arise out of such business conducted by said Defendant, Britthaven, Inc. in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Jesse L. McAllister. The registered agent for service of process of Britthaven, Inc. is Marian Hayden, 210 Washington Street, Frankfort, Kentucky 40601.

4.   The Defendant, Hanging Rock, LTC, LLC d/b/a Essex Nursing and Rehabilitation Center is a foreign limited liability company organized under the laws of North Carolina authorized to do business in the Commonwealth of Kentucky. Upon information and belief, at all times material to this action, Defendant, Hanging Rock, LTC, LLC d/b/a Essex Nursing and Rehabilitation Center owned, operated, managed, controlled, and/or provided services for Britthaven of South Louisville in Louisville, Jefferson County, Kentucky. Upon information and belief, the Defendant Hanging Rock, LTC, LLC d/b/a Essex Nursing and Rehabilitation Center was, at all times material to this action, the "licensee" of the nursing facility. Under the laws and regulations promulgated and enforced by the Cabinet for Health and Family Services, as licensee of

the facility, Hanging Rock, LTC, LLC d/b/a Essex Nursing and Rehabilitation Center was legally responsible for that facility and for ensuring compliance with all laws and regulations related to the operation of the facility. The causes of action made the basis of this suit arise out of such business conducted by said Defendant, Hanging Rock, LTC, LLC d/b/a Essex Nursing and Rehabilitation Center in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Jesse L. McAllister. The registered agent for service of process of Hanging Rock, LTC, LLC d/b/a Essex Nursing and Rehabilitation Center is Marian Hayden, 210 Washington Street, Frankfort, Kentucky 40601.

5. The Defendants controlled the operation, planning, management, budget and quality control of Britthaven of South Louisville. The authority exercised by Defendant over the nursing facility included, but was not limited to, control of marketing, human resources management, training, staffing, creation, and implementation of all policies and procedures used by nursing facilities in Kentucky, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, and financial, tax and accounting control through fiscal policies established by Defendant.

6. Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

7. Jesse L. McAllister was a resident of Britthaven of South Louisville from October 28, 2010 until December 4, 2010.

8. Jesse L. McAllister was looking to Defendants for treatment of his total needs for custodial, nursing and medical care and not merely as a site where others not associated with the facility would treat him.

9. At all relevant times mentioned herein, the Defendants owned, operated, managed and/or controlled Britthaven of Louisville, either directly, through a joint enterprise, partnership and/or through the agency of each other and/or other diverse subalterns, subsidiaries, governing bodies, agents, servants or employees.

10. Defendants are directly or vicariously liable for any acts and omissions by any person or entity, controlled directly or indirectly, including any governing body, officer, employee, ostensible or apparent agent, partner, consultant or independent contractor, whether in-house or outside individuals, entities or agencies.

11. Defendants failed to discharge its obligation of care to Jesse L. McAllister with a conscious disregard for his rights and safety. At all times mentioned herein, Defendants, through their corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Jesse L. McAllister, as more fully set forth below. Defendant knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of Britthaven of South Louisville.

12. Due to the wrongful conduct of Defendants, Jesse L. McAllister suffered accelerated deterioration of his health and physical condition beyond that caused by the normal aging process, as well as the following injuries:

    a) Severe dehydration

    b) Skin breakdown;

    c)    Malnutrition;

    d)    Pneumonia;

    e)    Death

## NEGLIGENCE

13. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 12 as if fully set forth herein.

14. Defendants owed a non-delegable duty to Jesse L. McAllister to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstances.

15. Upon information and belief, Defendants knowingly developed and maintained staffing levels at the facility in disregard of patient acuity levels as well as the minimal time to perform the essential functions of providing care to Jesse L. McAllister.

16. Defendants negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

    a)    Failure by the members of the governing body of the facility to discharge their legal and lawful obligation by:

        1)    ensuring that the rules and regulations designed to protect the health and safety of the residents, such as Jesse L. McAllister, as promulgated by the Cabinet for Health and Family Services, Division of Long Term Care;

        2)    ensuring compliance with the resident care policies for the facility; and

        3)    ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care.

    b)    Failure to provide a facility that was sufficiently staffed with personnel that was properly qualified and trained;

c) Failure to provide the minimum number of qualified personnel to meet the total needs of Jesse L. McAllister;

d) Failure to maintain all records on Jesse L. McAllister in accordance with accepted professional standards and practices:

e) Failure to ensure that Jesse L. McAllister received adequate and proper nutrition, fluids, supervision, therapeutic, and skin care;

f) Failure to increase the number of personnel at the facility to ensure that Jesse L. McAllister received timely and appropriate custodial care, including, but not limited to, bathing, grooming, incontinent care, personal attention and care to her skin, feet, nails, and oral hygiene;

g) Failure to have in place adequate guidelines, policies and procedures of the facility and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

h) Failure to take all necessary and reasonable custodial measures to prevent the onset and progression of pressure sores during Jesse L. McAllister residency;

i) Failure to monitor or increase the number of nursing personnel at the facility to ensure that Jesse L. McAllister:

   1) received timely and accurate care assessments;

   2) received prescribed treatment, medication and diet; and

   3) received timely custodial, nursing and medical intervention due to a significant change in condition.

j) Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

k) Failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of Jesse L. McAllister in proportion to her particular physical and mental ailments, known or discoverable by the exercise of reasonable skill and diligence;

l) Failure to provide adequate hygiene and sanitary care to prevent infection; and

m) Failure to provide proper custodial care.

17. A reasonably careful nursing facility would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to Jesse L. McAllister. With regard to each of the foregoing acts of negligence, Defendants acted with oppression, fraud, malice or was grossly negligent by acting with wanton or reckless disregard for the health and safety of Jesse L. McAllister.

18. Pursuant to KRS 446.070, Plaintiff also alleges Defendants violated statutory and regulatory duties of care, the violations of which are actionable as negligence *per se*. Jesse L. McAllister was injured by the statutory violations of Defendants and was within the class of persons for whose benefit the statutes were enacted and who was intended to be protected by these statutes. The negligence *per se* of Defendants included, but is not limited to, violation(s) of the following:

   a) Violation(s) of KRS 209.005 et seq. and the regulations promulgated thereunder, by abuse, neglect and/or exploitation of Jesse L. McAllister;

   b) Violation(s) of KRS 508.090 *et seq.*, criminal abuse, by committing intentional, wanton or reckless abuse of Jesse L. McAllister, who was physically helpless or mentally helpless or permitting Jesse L. McAllister, a person of whom Defendants had actual custody, to be abused. Such abuse caused serious physical injury, placed Jesse L. McAllister in a situation that might cause him serious physical injury, and/or caused torture, cruel confinement or cruel punishment of Jesse L. McAllister.

   c) Violation(s) of KRS 530.080 et seq., endangering the welfare of an incompetent person, by knowingly acting in a manner which resulted in an injury to the physical and/or mental welfare of Jesse L. McAllister, who was unable to care for himself because of his illness;

   d) Violation(s) of KRS 506.080, criminal facilitation of criminal act(s), by acting with knowledge that another person or entity was committing one or more of the foregoing criminal acts or intending to commit one or more of the foregoing criminal acts, and engaged

Case 3:12-cv-00110-JGH-JDM   Document 1-3   Filed 02/28/12   Page 9 of 13 PageID #: 21

in conduct which knowingly provided another person or entity the means or opportunity for the commission of such criminal act(s) and which in fact aided another person or entity to commit the criminal act(s); and/or

e) Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

19. As a direct and proximate result of such grossly negligent, wanton or reckless conduct, Jesse L. McAllister suffered the injuries described in Paragraph 12. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## CORPORATE NEGLIGENCE

20. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 19 as if fully set forth herein.

21. Jesse L. McAllister was looking to Defendant's facility for treatment of his physical ailments and not merely as the situs where others not associated with the facility would treat him for his problems. There is a presumption that the treatment Jesse L. McAllister received was being rendered through employees of Defendants and that any negligence associated with that treatment would render Defendants responsible. Defendants or persons or entities under its control, or to the extent Defendants was

vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Jesse L. McAllister, to use the degree and skill which is expected of reasonably competent medical practitioners acting in the same or similar circumstances.

22. Defendants owed a non-delegable duty to assist Jesse L. McAllister in attaining and maintaining the highest level of physical, mental and psychological well-being.

23. Defendants owed a duty to Jesse L. McAllister to maintain its facility; including providing and maintaining medical equipment and supplies; and hiring, supervising and retaining nurses and other staff employees.

24. Defendants owed a duty to Jesse L. McAllister to have in place procedures and protocols that properly care for residents and to administer these policies through enforcement of any rules, regulations, by-laws or guidelines, which were adopted by Defendants to insure smoothly run facilities and adequate resident care.

25. Defendants owed a duty to Jesse L. McAllister to provide a safe environment, treatment and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence. The duty of reasonable care and attention extended to safeguarding Jesse L. McAllister from danger due to his inability to care for himself. Defendant had a duty to protect Jesse L. McAllister from any danger which the surroundings would indicate might befall him in view of any peculiar trait exhibited by him or which his mental condition or aberration would suggest as likely to happen.

26. With regard to each of the foregoing acts of negligence, Defendants acted with oppression, fraud, malice, or was grossly negligent by acting with wanton or reckless disregard for the health and safety of Jesse L. McAllister.

27. As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Jesse L. McAllister suffered the injuries described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disfigurement, hospitalization, and unnecessary loss of personal dignity, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## VIOLATIONS OF LONG TERM CARE RESIDENT'S RIGHTS

28. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 27 as if fully set forth herein.

29. Defendant violated statutory duties owed to Jesse L. McAllister as a resident of a long term care facility, Kentucky Revised Statutes 216.510 *et seq*. These statutory duties were non-delegable.

30. The violations of the resident's rights of Jesse L. McAllister include:

    a) Violation of the right to be treated with consideration, respect, and full recognition of hus dignity and individuality;

    b) Violation of the right to have a responsible party or family member or his guardian notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident;

    c) Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet his needs;

    d)    Violation of the right to be free from abuse and neglect; and

    e)    Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of K.R.S. Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

31.    As a result of the aforementioned violations of the Resident's Rights Statutes by Defendant, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to recover actual damages in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

32.    With regard to the aforementioned violations of the Resident's Rights Act, Defendant acted with oppression, fraud, malice, or were grossly negligent by acting with wanton and reckless disregard for the rights of Jesse L. McAllister and, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to punitive damages from Defendants in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

## DAMAGES

33.    Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 32 as if fully set forth herein.

34.    As a direct and proximate result of the negligence of the Defendant as set out above, Jesse L. McAllister suffered injuries including, but not limited to, those listed herein. As a result, Jesse L. McAllister suffered embarrassment, physical impairment,

and great pain and suffering, both physical and mental.

35. Plaintiff seeks punitive and compensatory damages against the Defendants in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, Carol McAllister, Executrix of the Estate of Jesse L. McAllister, Deceased, pray for judgment against Defendants in an amount to be determined from the evidence, the costs herein expended, and all other relief to which Plaintiff may appear entitled, including TRIAL BY JURY.

Respectfully submitted this 6 day of FEB, 2012.

_____
Jeffrey T. Sampson
**Sampson Law Firm**
450 South Third Street, 4th Floor
Louisville, Kentucky 40202
Telephone:   (502) 584-5050

Attorney for Plaintiff